UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------X
MEDIACOM COMMUNICATIONS  :
CORPORATION,  :
                   Plaintiff,  :      Civil Action No. _____
                     :
          - against -  :      **COMPLAINT**
                     :      **DEMAND FOR JURY TRIAL**
EVERYWHERE WIRELESS, LLC,  :
                   Defendant.  :
---------------------------------------------------------------X

    Plaintiff, Mediacom Communications Corporation ("Mediacom"), through its counsel, Dentons US LLP, for its Complaint against Defendant, Everywhere Wireless, LLC ("EW"), alleges as follows:

## NATURE OF THE ACTION

    1. This is a civil action for counterfeiting, service mark infringement, false advertising, false designation of origin, false representation of fact, unfair competition, passing off and related claims under federal and Illinois State law resulting from Defendant's use of the designations  in connection with the provision of Internet access services to residences and businesses.

    2. Mediacom's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.,* and Illinois statutory and common law. As a result of Defendant's acts complained of herein, Mediacom seeks preliminary and permanent injunctive relief and the recovery of actual damages, Defendant's profits, treble damages, statutory damages, costs, attorneys' fees and other relief as more fully set forth herein.

**PARTIES, JURISDICTION AND VENUE**

3. Mediacom is a Delaware corporation having its principal place of business at One Mediacom Way, Mediacom Park, New York 10918.

4. Upon information and belief, EW is an Illinois limited liability company with offices at 420 N May St., Chicago, IL 60642.

5. Upon information and belief, EW is and/or has been transacting business within this Judicial District directly and/or through one or more agents and affiliates.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a), and the principals of supplemental jurisdiction.

7. Upon information and belief, this Court has personal jurisdiction over Defendant pursuant to Illinois 735 ILCS § 5/2-209.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**MEDIACOM'S BUSINESS AND OWNERSHIP OF THE GIGABIT+ MARK**

9. Mediacom is one of the nation's largest cable television companies, serving more than 1,500 communities across 22 states. Through its interactive broadband network, Mediacom provides customers with a wide variety of advanced products and services, including, residential and commercial Internet, streaming, video-on-demand, high-definition television, phone and related services.

10. Since long prior to the acts complained of herein, Mediacom has prominently used the stylized mark **Gigabit+** (the mark "GIGABIT+") in the United States in connection with its promotion and offering of Internet access services. True and correct printouts from Mediacom's website showing use of the mark GIGABIT+ to advertise Internet access services are attached hereto as Exhibit A.

11. In recognition of its rights in the mark GIGABIT +, the U.S. Patent & Trademark Office issued Mediacom the following service mark registration:

| Reg. No. | Mark | Goods/Services |
|---|---|---|
| 4737828 | **Gigabit+** | Telecommunication services, namely, internet access services. |

12. The above-referenced service mark registration is owned by Mediacom, is valid, subsisting and in full force and effect, and is registered on the Principal Register.  A copy of this registration is attached hereto as Exhibit B.  Further, the registration has become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

13. Substantial amounts of time, effort, and money have been expended over the years to ensure that the public associates the mark GIGABIT+ exclusively with Mediacom when used in connection with Internet access services.

14. The stylized mark GIGABIT+ is distinctive and serves to uniquely identify services provided by Mediacom.

15. As a result of the time, effort and money invested in its business, and its continuous and substantial use of the mark GIGABIT+, the mark GIGABIT+ has become an asset of incalculable value to Mediacom.

**DEFENDANT'S INFRINGING ACTIVITIES**

16.  Upon information and belief, since after Mediacom's adoption of and application to register the mark GIGABIT+, EW has been providing Internet access services across the Chicago Metropolitan area under the designations  and

**Gigabit Plus**. True and correct printouts from EW's website dated August 31, 2020 and November 16, 2020 are attached hereto as Exhibits C and D, respectively.

17. Mediacom informed EW of its rights in and to the mark GIGABIT+ by letter dated August 31, 2020. A copy of Mediacom's August 31, 2020 correspondence is attached hereto as Exhibit E.

18. In response to Mediacom's correspondence, EW modified its designation from **Gigabit+** to **Gigabit Plus**. By letter dated October 6, 2020 and email dated October 29, 2020, Mediacom informed EW that the modified designation adopted by EW also infringed upon Mediacom's federally registered mark **Gigabit+** and that, unless EW promptly discontinued all use of the designation, Mediacom would be forced to take legal action in order to protect its registered mark and avoid confusion in the marketplace. A copy of Mediacom's October 6, 2020 and October 29, 2020 correspondence is attached hereto as Exhibit F. EW failed to respond to Mediacom's October 29 correspondence and otherwise continues to use the complained of designation.

19. Mediacom never authorized the Defendant to engage in any of the acts complained of herein.

20. Upon information and belief, Defendant's foregoing acts have been willful, wanton, and in bad faith, and with the intent to misrepresent the source of Defendant's services and to trade off of the reputation and goodwill of Mediacom.

21. Upon information and belief, Defendant had actual knowledge of Mediacom's prior rights in the mark GIGABIT+, including ownership of the above-referenced service mark

4

registration, prior to Defendant's adoption of the aforementioned GIGABIT+ and GIGABIT PLUS designations.

22. At a minimum, Defendant had constructive notice of Mediacom's rights in and to the mark GIGABIT+ pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, prior to adoption of the complained of designations.

23. Defendant's aforementioned acts are likely to deceive, mislead and confuse the relevant public as to the source or sponsorship of Defendant's services.

24. As a proximate result of Defendant's acts, as alleged herein, Mediacom has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendant profits at Mediacom's expense.

25. Mediacom has no adequate remedy at law for Defendant's acts, as alleged herein. Unless Defendant is temporarily, preliminarily and permanently enjoined by this Court, Mediacom will continue to suffer irreparable harm.

## COUNT I

### (Counterfeiting - 15 U.S.C. § 1114(1))

26. Mediacom realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 hereof as if fully set forth herein.

27. EW uses a counterfeit or spurious designation that is substantially indistinguishable from Mediacom's federally registered mark GIGABIT+ in connection with the sale, offering for sale, distribution and/or advertising of internet access services, which use is likely to cause confusion, or to cause mistake, or to deceive.

28. EW's actions constitute counterfeiting in violation of 15 U.S.C. § 1114(1).

29. Upon information and belief, EW's aforementioned acts have been willful, wanton, and in bad faith, and with the intent to misrepresent the source of EW's services and to trade off of the

reputation and goodwill of Mediacom. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II

### (Infringement of Registered Mark - 15 U.S.C. § 1114(1))

30. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 29 hereof as if fully set forth herein.

31. Defendant's conduct constitutes willful infringement of Mediacom's mark GIGABIT+ in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT III

### (Service Mark Infringement, False Advertising, False Designation of Origin, False Representation of Fact, Unfair Competition and Passing Off - 15 U.S.C. § 1125(a))

32. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 31 hereof as if fully set forth herein.

33. Defendant's conduct constitutes willful infringement, false advertising, unfair competition, false designation of origin, false representation and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV

### (Service Mark Infringement and Unfair Competition – Illinois Common Law)

34. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 33 hereof as if fully set forth herein.

35. Defendant's conduct constitutes willful infringement and unfair competition in violation of Illinois common law.

## COUNT V

### (Deceptive Trade Practices – Illinois Statutory Law - 815 ILCS §§ 510/1 et seq.)

36. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 35 hereof as if fully set forth herein.

37. Defendant's conduct constitutes deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

## COUNT VI

### (Unfair Competition and Deceptive Trade Practices – 815 ILCS §§ 505/1 et seq.)

38. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 37 hereof as if fully set forth herein.

39. Defendant's conduct constitutes unfair competition and deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Mediacom prays that this Court:

1. Preliminarily and permanently enjoin and restrain Defendant, its agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or in participation with it or any of them from (i) offering, rendering, and/or promoting in the United States any Internet or other telecommunications services in connection with the designations Gigabit+ and Gigabit Plus or any counterfeit, copy or other designation that is confusing similar thereto; (ii) using or making any other false designation of origin or false description or representation or doing any other thing calculated or likely to cause confusion or mistake in the mind of the public or to deceive the public into believing that

7

Defendant's business and services are in any way associated or affiliated with or related to Mediacom; and (iii) using any name, mark or designation or doing any other thing likely to cause injury to Mediacom's business reputation;

      2.      Award Mediacom statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

      3.      Award Mediacom three times Defendant's profits or three times Mediacom's damages sustained as a result of Defendant's infringement of Mediacom's mark and acts of passing off, false designation of origin and false or misleading representation of fact, whichever is greater, pursuant to 15 U.S.C. §§ 1117(a) and (b);

      4.      Award Mediacom its reasonable attorneys' fees, taxable costs and disbursements, pursuant to 15 U.S.C. § 1117(a);

      5.      Order Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, articles, advertisements and promotional materials in its possession bearing the designations [Gigabit+] and [Gigabit Plus], any variant thereof and/or any name or mark confusingly similar thereto, and all plates, molds, matrices, and other means of making the same;

      6.  Direct Defendant to file with the Court and serve on counsel for Mediacom, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116; and

      7.  Award Mediacom such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

DENTONS US LLP

Dated: November 18, 2020 By: */s/ Jacqueline A. Giannini*

Jacqueline A. Giannini
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-2395
jacqui.giannini@dentons.com

Robert M. Wasnofski, Jr.
(*pro hac vice* application to be filed)
Kurt E. Sohn
(*pro hac vice* application to be filed)
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-6748
robert.wasnofski@dentons.com
kurt.sohn@dentons.com